**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THE CHERYL STONE TRUST, | : | |
| by its TRUSTEE BRYAN STONE, | : | |
| & BRYAN STONE, individually | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 1:11-CV-0494-RWS |
| v. | : | |
| | : | |
| BAC HOME LOANS | : | |
| SERVICING, LP, AS SERVICER | : | |
| FOR THE BANK OF NEW | : | |
| YORK MELLON F/K/A THE | : | |
| BANK OF NEW YORK AS | : | |
| TRUSTEE FOR THE | : | |
| CERTIFICATE HOLDERS | : | |
| CWABS INC., ASSET BACKED | : | |
| CERTIFICATES SERIES 2005- | : | |
| AB3, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case comes before the Court on Plaintiffs' Motion for Temporary Restraining Order [2] and Defendant BAC Home Loans' Motion to Dismiss [3]. After a review of the record, the Court enters the following Order.

## **Background**

Plaintiffs originally purchased 165 Stoneridge Way, Fayetteville, Georgia

30215 ("Subject Property") in 1986 for $120,000.00. However, on July 7, 2005, the Plaintiffs refinanced the Subject Property and obtained a $180,500.00 loan from Defendant. (Dkt. [1-3] at ¶6). The 30-year loan was based upon a stated income and was subject to an adjustable interest rate. (Dkt. [1-3] p. 4).

On January 19, 2011, Plaintiffs originally filed their Complaint in the Superior Court of Fulton County, Georgia claiming "Declaratory Relief, Injunctive Relief, Contractual Breach of Good Faith and Fair Dealing, Rescission under Illusory Promise and O.C.G.A. § 7-6A-4, Unconscionability, Predatory Lending, Quiet Title, Failure to Comply with State Statutes, and Conversion or Illegal Attempt to Convert" among other, less clearly stated, claims. (Dkt. [1-3]). Defendant removed the case on February 18, 2011 to this Court pursuant to 28 U.S.C. §§ 1332, 1332, 1367, 1441, and 1446. Upon removal, Defendant moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6). (Dkt. [1, 3]).

## Discussion

Defendant has moved to dismiss Plaintiffs' complaint for failure to state a claim, lack of personal jurisdiction, failure to provide a short, plain statement of the claim, and failure to show that the Court has jurisdiction, among other reasons.  This motion is unopposed. See L.R. 7.1(B), NDGa ("Failure to file a

2

response shall indicate that there is no opposition to the motion."). However, an unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still to consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (stating that in an unopposed motion for summary judgment, the district court must "indicate that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding that "unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in the motion to dismiss context). Therefore, the Court will consider the merits of Defendant's Motion to Dismiss against each of Plaintiffs' intelligible claims.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

3

face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

I.   **Claim for Declaratory Relief**

In their claim for declaratory relief, Plaintiffs allege that due to O.C.G.A. § 7-6A-4, Defendant had no right to initiate foreclosure proceedings. (Dkt. [1-3] at ¶37). However, O.C.G.A. § 7-6A-4 does not apply on its face to Plaintiffs' situation because the original loan took place in 1986, almost twenty-five years ago. O.C.G.A. §7-6A-4 (2002) ("Flipping a home loan is the consummating of a high-cost home loan to a borrower that refinances an existing home loan that was consummated within the prior *five years*...") (emphasis added). Therefore, Plaintiffs' "Claim for Declaratory Relief" is **DISMISSED.**

II.  **Claim for Rescission under "Illusory Promise"**

Plaintiffs also allege that they are entitled to rescission of the loan based upon an illusory promise created by the Defendant. However, based on the facts presented in Plaintiffs' Complaint, both the Plaintiffs and the Defendant tendered consideration in the form of the Subject Property and the loan, respectively. (Dkt. [1-3] p. 2). Plaintiffs' rescission claim fails because Plaintiffs have not plausibly alleged that an illusory promise occurred. See

4

Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1311 (11th Cir. 1998) ("[A] promise in form but not in substance [is an illusory promise]... Where an illusory promise is made, that is, a promise merely in form, but in actuality not promising anything, it cannot serve as consideration."); see also BLACK'S LAW DICTIONARY 1249 (8th ed. 2004) (definition of illusory promise).  And, the Plaintiffs have not alleged that they did not receive the loan funds from Defendant. Therefore, Plaintiffs' "Claim for Rescission Under Illusory Promise" is **DISMISSED**.

### III.     Claim for Rescission under O.C.G.A. § 7-6A-4, the Georgia Fair Lending Act (G.F.L.A.)

Plaintiffs also put forth a rescission claim under O.C.G.A. § 7-6A-4, the G.F.L.A., which states that a loan cannot be refinanced within five years of the original loan without a "tangible net benefit" to the borrower. Plaintiffs' claim fails for multiple reasons. First, as stated before, Plaintiffs fail to plead plausible factual allegations under O.C.G.A. § 7-6A-4 so as to establish a cause of action. Moreover, under Georgia law, any general claim for rescission – apart from the G.F.L.A. – is barred by the four-year statute of limitations. See O.C.G.A. § 9-3-26 (stating that a claim for rescission must be made "within four years from the accrual of the right of action."). As Plaintiffs' loan was made in 2005, this action

5

is time barred. Therefore, Plaintiffs' "Claim for Rescission" – both generally and under O.C.G.A. § 7-6A-4 – is **DISMISSED**.

**IV.     Claim for Contractual Breach of Good Faith and Fair Dealing**

Plaintiffs fail to put forward sufficiently well-pleaded facts that plausibly support their "Claim for Contractual Breach of Good Faith and Fair Dealing" under the Iqbal and Twombly pleading standards. Moreover, in Georgia, "[t]he law is clear that there exists no independent cause of action for breach of good faith and fair dealing outside of a breach of contract." Cone Fin. Group, Inc. v. Emp'rs. Ins. Co., 2010 U.S. Dist. LEXIS 82820, at* 4-5 (M.D. Ga. Aug. 13, 2010).  The Plaintiffs have not specifically pleaded a breach of contract; thus, no claim exists. For these reasons, Plaintiffs' "Claims for Contractual Breach of Good Faith and Fair Dealing" is **DISMISSED**.

**V.     Claim for Rescission under Fraudulent Concealment, Deceptive Acts and Practices (UDAP)**

Plaintiffs also allege that they are entitled to rescission of the loan under Fraudulent Concealment, Deceptive Acts and Practices ("UDAP")**.** However, the Court is unable to find a relevant state or federal statute that relates to such a claim. Following Federal Rule of Civil Procedure 8(a)(2) as well as the

6

precedent in Iqbal and Twombly, Plaintiffs' "Claim for Rescission under "UDAP" is **DISMISSED**.

### VI.     Claim of Unconscionability under U.C.C. § 2-302

Plaintiffs also allege that the contract between the Plaintiffs and Defendant is unconscionable and therefore void under the Uniform Commercial Code ("U.C.C."). (Dkt. [1-3] at ¶66**).** However, the U.C.C. applies only to the sale of goods and is immaterial in real estate transactions.  See U.C.C. § 2-102. Plaintiffs' Claim of Unconscionability is thereby **DISMISSED**.

### VII.    Claim of Predatory Lending

Plaintiffs summarily allege that Defendant, in providing the loan, engaged in "Predatory Lending."  However, again, Plaintiffs put forward "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 129 S. Ct. at 1949.  Such insufficient allegations do not meet the requisite standard for a plausible claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. Moreover, Plaintiffs do not point this Court to any statute or case law which would make such a claim actionable. Under Federal Rule of Civil Procedure Rule 12(b)(6), Plaintiffs' "Claim of Predatory Lending" is **DISMISSED**.

7

## VIII.   Claim for Quiet Title

In ¶¶ 77-81 of their Complaint, the Plaintiffs ask this Court to declare that the Subject Property's title is solely vested in the Plaintiffs in fee simple absolute. (Dkt. [1-3] pp. 11-12). However, Plaintiffs have not alleged any facts that plausibly allege any impropriety with any assignment or original documentation which would require such an action. Plaintiffs' "Claim for Quiet Title" is **DISMISSED**.

## IX.   Failure to Comply with State Statutes

In Plaintiffs' claim entitled "Failure to Comply with State Statutes," the Court has discerned two allegations put forth by Plaintiffs: first, that Defendants have failed to comply with O.C.G.A. § 44-14-162 (b);[1] and, second, that the documentation associated with the Plaintiffs' loan does not meet the U.C.C. threshold for an enforceable instrument. To the first allegation, Plaintiffs do not allege anywhere in their Complaint that the Subject Property has been sold; rather, they solely allege that Bella Homes LLC had made an offer to BAC to purchase the Subject Property on a short sale. (Dkt. [1-3] at ¶ 6). Therefore,

---

[1] O.C.G.A. §44-14-162(b) states: "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

8

Plaintiffs do not have a claim under O.C.G.A. § 44-14-162(b) since, according to the facts presented in the Complaint, the Subject Property has not been sold. Accordingly, O.C.G.A. § 44-14-162(b) does not apply to this case.

As to the second allegation, the U.C.C. only applies to the sale of goods. See U.C.C. § 2-102. Plaintiffs' Claim that Defendant has Failed to Comply with State Statutes is **DISMISSED**.

**X.     Claim of Conversion or Illegal Attempt to Convert and Fraudulent Misrepresentation, Promissory Estoppel**

Plaintiffs' claim under "Count X" contains many similar, if not identical, allegations to claims already dismissed by the Court above, including allegations under the U.C.C. and O.C.G.A. § 44-14-162(b). (Dkt. [1-3] p. 13). The only discernibly new claim under "Count X" alleges that Defendant injured Plaintiffs under O.C.G.A. §§ 16-8-4(a) and 16-8-2. However, O.C.G.A. § 16 is a criminal statute and does not include a civil remedy. Therefore, Plaintiffs's claim under O.C.G.A. §§ 16-8-4(a) and 16-8-2 is **DISMISSED**.

**XI.    Claim for Injunctive Relief**

Plaintiffs' "Claim for Injunctive Relief" against foreclosure is based upon O.C.G.A. § 44-14-162 and U.C.C. standards, all of which are inapplicable to this case.  It appears from ¶¶ 43-47 of the Complaint that Plaintiffs are under the

9

false impression that their lender is required to produce a "BLUE INK" copy of the note. (Dkt. [1-3]).  However, in Georgia, this "produce the note" theory has no bite. See  Watkins v. Beneficial, HSBC Mortg., 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) (noting that Georgia law does not require the "lender commencing foreclosure proceedings to produce the original note.").  By eliminating the "produce the note" claim from ¶¶ 43-47 and reaffirming the irrelevance of the U.C.C. to this case, Plaintiffs' Claim for Injunctive Relief fails due to mootness and factual and legal insufficiency. Therefore, Plaintiffs' Claim for Injunctive Relief and Motion for a Temporary Restraining Order [2] are **DENIED.**

## XII. Conclusion

Ultimately, Plaintiffs' "threadbare conclusions" and "naked assertions" do not survive the 12(b)(6) standard and are at best speculative. Defendants' Motion to Dismiss [3] is **GRANTED**, and Plaintiffs' Motion for Temporary Restraining Order [2] is, as discussed above, **DENIED.**  The Clerk is directed to close this case.

**SO ORDERED**, this   6th   day of June, 2011.

*/s/ Richard W. Story*
**RICHARD W. STORY**
United States District Judge